*446 Mir. Justice GBIEB,
dissenting.
I feel bound to express my dissent from tbe majority of my brethren in the opinion just delivered.
It is now seventy years since. the establishment of Courts of Admiralty in these States, yet it sterns that the boundary line of their jurisdiction is not yet settled. During all this time it . has never been supposed that the definitive sentence or decree of a Court of Admiralty was a lien or could be levied on lands. The domiuion of the Admiral was over the sea — the ships and • men who frequented it — their contracts . and their torts. His Court proceeded either against the ship or the person, of the owner, by arrest of the "thing or the person. When either was arrested, they could be released by entering into stipulation with approved sureties (fide jussoux,) who consented that execution should issue against their goods and chattels in case of • default. . . •
lb ere is no process known to Courts of Admiralty for seizing or selling land. But it is said that this process is authorized by the process Act of March 19, 1828.
It is now thirty-five' years since that act was passed, and now for the first time, it has been alleged that this provision lay. hid within its sections. The twenty-first rule regulating the practice in admiralty, made by this Court in 1845,- — seventeen years after the passage of the act, — shows that this Court had then no suspicion of the hidden meaning of the third section, which has now been brought to light. If they had supposed that this • statute had made lands subject to lien by the decree of a Court • of Admiralty, they would have devised some process for taking them in execution and selling them. The first section if the act ordains that the forms of mesne process, &c., should be the ' same in Courts of common law as are used in the highest Courts of original and general jurisdiction of the States; and in equity according to the rules and usages which belong to Courts of Equity; but “in those of admiralty jurisdiction, according to the principles, rules and usages of admiralty as contradistinguished from Courts of common law.”
The third section, which directs process of execution, speaks *447 of judgments and decrees in any of the Courts of the United States, and ordains that it shall be the same except in their style, as now used in the Courts of such State. Now as there are no Courts of Admiralty in any State, to what rule was the process of Courts of Admiralty to conform ? Is it to those of these Courts of Common Law or Equity ? The act provides that in States where there are no Courts of Equity, the process .may be prescribed by rules of Court.
The whole argument of this new construction of this section is founded on the word “ any," which is construed in its most expansive sense, in spite of consistency in the act, and the evident intent of the legislation, as exhibited in the whole statute.
This innovation in the jurisdiction of Admiralty Courts introduces a lien, unknown to the laws of any State.
The lien of judgments is a rule of property, which it.is beyond the power of this Court to establish. Congress has been careful not to attempt the exercise of such a power; and only adopts the State rules in cases- where, if the judgments or decrees had been in a State Court, they would have operated as a lien. Congress never intended .by-this oblique way, to create, what would in fact be, (to a large portion of every State,) secret liens.
I believe that the construction which this act has received for thirty-five years past is the true one, and beg leave to protest against this introduction of a new one, which utterly disregards “the principles, rules and usages of Courts of Admiralty as contradistinguished from a Court of law.”
I am confident such was'not the intent and meaning of Congress: The result of this doctrine may be, to bring us into conflict with the State Courts, who may refuse to recognize titles to land obtained through the process of Maritime Courts.
Mr. Justice CATRON joined with Mr. Justice Crier in the dissent. The other Judges concurred in the opinion of Mr, Justice Clifford.